

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

September 3, 1953

Honorable J. R. Alamia
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Opinion No. S-97

Re: Legality of classify-
ing tank trucks used
by farmers to haul
water over public
highways as "imple-
ments of husbandry."

Dear Mr. Alamia:

Your request for an opinion reads in part:

"Certain tank trucks are being used by a
farmer for the transportation of water to and
from several of his farms. These trucks are
used exclusively for the purpose of transport-
ing water to said farms to be used in the cul-
tivation of crops. Said trucks operate, of ne-
cessity, upon public highways en route to various
farms or portions of farms. The water is intended
solely for the use of the owner of the trucks and
said trucks are not put out for hire. The owner
of said trucks has failed to register said vehicles
insisting that they are implements of husbandry
and the operators of same are not licensed as motor
vehicle operators as provided by Texas law.

"Question No. 1. Do these water trucks fall
under the category of 'implements of husbandry'
as defined in Art. 6675a-1, R.C.S., and if so are
they exempt from registration?

"Question No. 2. If these water trucks do
not fall within the category of 'implements of
husbandry' and they are liable to registration,
then in that event, do they fall within the mean-
ing of Art. 6675a-6a providing for a 50% reduc-
tion of registration fees for certain farm
vehicles?

"Question No. 3. Are persons operating such
water trucks on public highways temporarily re-
quired to have a motor vehicle operator's license?"

Article 6675a-2 reads in part as follows:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year . . . Owners of farm tractors, farm trailers, farm semi-trailers, implements of husbandry, and machinery used solely for the purpose of drilling water wells operated or moved temporarily upon the highways shall not be required to register such farm tractors, farm trailers, farm semi-trailers, implements of husbandry, and well-drilling machinery; . . . "

Prior to 1941, Article 6675a-1 defined "motor vehicle," "farm-tractor," and "farm semi-trailer," but did not define "implements of husbandry." The question arose as to whether or not a water tank truck, used exclusively for the purpose of hauling water to and between certain farms and thereby used temporarily on the public highways, was an "implement of husbandry" within the meaning of Article 6675a-2. This question was decided in Allred v. J. C. Engelman, Inc., 123 Tex. 205, 61 S.W.2d 75 (1933), which construed Article 6675a-2 to include such water trucks within the meaning of "implements of husbandry" therein. Also see Bean v. Reeves, 77 S.W.2d 737 (Tex. Civ. App. 1934).

The Engelman case settled the law on the subject until 1941, at which time the 47th Regular Session of the Legislature passed Senate Bill No. 43, adding a new section to Article 6675a-1, which defined implements of husbandry as follows:

"'Implements of husbandry' shall mean farm implements, machinery and tools as used in tilling the soil, but shall not include any passenger car or truck." (Emphasis added.)

It cannot be doubted that the Legislature has the power to make or change the law in this field and by the words "shall not include any passenger car or truck" it clearly and unambiguously excluded all trucks from the definition of implements of husbandry. It would indeed require a strained construction of the above section to except such water tank trucks as are here involved

from the scope of this exclusion. Your first question, must, therefore, be answered "No." The trucks here involved are not implements of husbandry and therefore are not exempt from registration.

In answering your second question, we must look to Article 6675a-6a, which reads in part as follows:

"When a commercial motor vehicle sought to be registered and used by the owner thereof only in the transportation of his own poultry, dairy, livestock, livestock products, timber in its natural state, and farm products to market, or to other points for sale or processing, or the transportation by the owner thereof of laborers from their place of residence, and materials, tools, equipment and supplies, without charge, from the place of purchase or storage, to his own farm or ranch, exclusively for his own use, or use on such farm or ranch, the registration license fee, for the weight classifications herein mentioned, shall be fifty (50%) per cent of the registration fee prescribed for weight classifications in Section 6 of the Act . . . "

It is obvious that the Legislature cannot include every situation in which a farm truck might be used nor everything which might be transported in a farm truck within the statute designating which trucks are entitled to the reduced license fee, and they have, therefore, used such general terms as "materials, tools, equipment and supplies" in setting out what materials or goods may be transported under this act. Clayton v. Bridgeport Mach. Co., 33 S.W.2d 787 (Tex. Civ. App. 1931, error ref.), defines "supplies" as "available aggregate of things needed or demanded; anything yielded or afforded to meet a want."

United States Fidelity and Guaranty Co. v. Feenaughty Machinery Co., 197 Wash. 569, 85 P.2d 1085 (1939), defines supplies as:

" . . . including anything that is furnished for, and used directly in the carrying on of, the work, and is entirely consumed thereby."

Smull v. Delaney, 175 Misc. 795, 25 N.Y.S.2d 387 (1941), defines supplies thus:

"Supplies relates to something used directly in carrying on work, something in addition to it, those articles necessary for enabling an existing entity to function properly."

The above definitions would obviously include water as it is being used here within the scope of the word "supplies." We also feel that the legislative intent is clear from the wording of the act that where tank trucks are being used by a farmer for the transportation of water to his farm, these trucks being used exclusively for this purpose and solely for the owner of the trucks, they should fall within the provisions of Article 6675a-6a, providing for a 50% reduction of registration fees. Your second question is accordingly answered in the affirmative.

In answer to your third question, we must look to Article 6687b, V. C. S. Section 2 of this article reads in part as follows:

"(a) No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this State unless such person has a valid license as an operator, a commercial operator, or a chauffeur under the provisions of this Act. . . . "

Section 3 of Article 6687b states that the following persons are exempt from license:

"2. Any person while driving or operating any road machine, farm tractor, or implement of husbandry temporarily operated or moved on a highway, and while driving or operating any commercial motor vehicle temporarily on the highway in an emergency."

The definition of "implements of husbandry" contained in Section 1 of Article 6687b excludes any automobile or truck, as does the definition in Article 6675a-1. From the answer to your first question, it follows that the trucks here involved are not implements of husbandry within this exemption. The trucks are commercial motor vehicles which, in a sense, are being "temporarily" operated on the highway, but they are not being "temporarily operated in an emergency" and consequently do not come within the latter part of the exemption. Since they are not within any of the exemptions

in the statute, the drivers of these trucks must have a license for their operation on a highway.

Section 3 of Article 6687b contains this further provision, added in 1951:

"4a.  A person operating a commercial motor vehicle, the gross weight of which does not exceed six thousand (6,000) pounds as that term is defined in Article 6675a-6 of the Revised Civil Statutes of Texas, operated in the manner and bearing current farm registration plates as provided in Article 6675a-6a of the Revised Civil Statutes, who holds an operator's license, shall not be required to obtain a commercial operator's license."

It was held in answer to your second question that these trucks are entitled to registration under Article 6675a-6a.  If so registered and the gross weight of the truck does not exceed 6,000 pounds, an operator's license is all that is required.  If the gross weight exceeds 6,000 pounds, the driver is required to hold a commercial operator's license.  Att'y. Gen. Op. 0-3560 (1941).

## SUMMARY

Tank trucks being operated on a public highway by a farmer in the transportation of water to and between several of his farms to be used in the cultivation of crops, they being used exclusively for this purpose and for the use of that farmer only, are not implements of husbandry and therefore must be registered under the provisions of Article 6675a-2, but they are entitled to the 50% reduction in registration fee provided for in Article 6675a-6a.  Their drivers must have a driver's license, and they are required to have a commercial operator's license if the gross weight of the truck exceeds 6,000 pounds.

APPROVED:

M. Richardson
State Affairs Division

Mary K. Wall
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By  David Beerbower

David Beerbower
Assistant